IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAUL JONES, §
§
    Plaintiff, §
§        CIVIL ACTION NO.
V. §
§        3:05-CV-2340-K
CITY OF DALLAS, §
§
    Defendant. §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Dallas' ("the City") Motion for Summary

Judgment (Doc. No. 36).  The Court **GRANTS** the motion because there are no genuine

issues of material fact.

### I.  Background

Plaintiff Paul Jones ("Jones") works for the City as a recreation center specialist

in the City's Parks and Recreation Department.  Jones claims that the City violated Title

VII's anti-discrimination and anti-retaliation provisions by discriminating against him

on the basis of his race and by retaliating against him for previous complaints of race

discrimination.  Specifically, Jones claims he was discriminated against in three ways:

> (1) The City demoted Jones from his position as an interim supervisor,

> (2) The City failed to give Jones a satisfactory merit-based pay increase, and,

> (3) The City failed to promote Jones for any of eight promotion for which he applied over a two-year period.

## A. Jones' Interim Assignment

Jones began his employment with the City in 1985. In June of 2004, Jones was pleased to learn that he had been selected to serve as an interim supervisor at the J.C. Phelps Recreation Center. While serving in his interim position, Jones received a five-percent salary increase as compensation for performing the increased duties of that position. The interim assignment was initially scheduled to last only six months, but before the assignment expired, it was extended an additional four months. When Jones interim assignment finally expired, Jones was returned to his regular position. Jones viewed the return to his regular position as a demotion and claims that it was based on his race and in retaliation for his previous complaints of race discrimination. The City claims that Jones' return to his regular position was the result of the expiration of the term for his interim position and that it was not motivated by race or retaliation.

## B. Jones' 2005 merit-based pay increase

Jones also complains that his 2005 merit-based pay increase was not satisfactory. He claims that the increase was lower than it otherwise would have been because he was discriminated against based on his race and retaliated against based on his previous complaints of race discrimination. The City claims it determined the amount of Jones' merit-based pay increase based on his performance evaluation. On his 2005 evaluation, Jones received a total weighted average score of 2.60, which translated into a rating of "Has Potential." Based on that rating, Jones received a one-percent pay increase. Jones claims he should have received a two-percent increase.

Jones appealed his performance-evaluation and rating to the Director of Parks and Recreation in an effort to obtain the two-percent increase. The Director upheld the performance evaluation and pointed to a number of alleged problems with Jones' performance. Jones claims the evaluation was lowered because of his race and as retaliation for protected activity. The City claims that the performance evaluation was based purely on Jones performance and was unrelated to race or retaliation.

### C. Jones Requested Promotions

Jones applied for a total of eight different promotions with the City over a two-year period of time leading up to the filing of this lawsuit. The City has a two step hiring process for civil service positions in the Department of Parks and Recreation. The first step involves a review of the applicant by the Civil Service Department ("the Department"). If the Department determines that the applicant meets the minimum qualifications for the position, it passes the applicant's name on to the department where there is an opining. Jones never successfully made it through the hiring process for any of the eight positions for which he applied. He claims that the City failed to promote him because of his race and because it retaliated against him. The City claims that Jones was not promoted for legitimate nondiscriminatory reasons.

### D. Procedural History

Jones filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 22, 2005. Jones alleged that the City discriminated against him based on his age in violation of the Age Discrimination in Employment Act ("ADEA")

and that the City retaliated against him in violation of Title VII for an earlier complaint of race discrimination. On November 28, 2005, Jones filed his Original Complaint in this case alleging that the City discriminated against him based on race in violation of Title VII and that the City retaliated against him in violation of Title VII for an earlier complaint of race discrimination. The City now moves for summary judgment on all of Jones' claims.

## II. Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## III. Defendant's Motion for Summary Judgment

The City argues that summary judgment is appropriate as to Jones' claims of race discrimination and retaliation. Jones argues that genuine issues of material fact exist on all of his claims.

### A. Race Discrimination

The City argues that summary judgment is appropriate on Jones' claim of race discrimination because he failed to exhaust administrative remedies. The City claims that Jones' failure to exhaust administrative remedies deprives the Court of subject

matter jurisdiction. In support of this proposition the City points to *Tolbert v. U.S.*, 916 U.S. F.2d 245 (5th Cir. 1990) and *Randel v. U.S. Dep't of Navy*, 157 F.3d 392 (5th Cir. 1998). The question of whether a failure to exhaust administrative remedies is a jurisdictional issue is unsettled in the Fifth Circuit. *See Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006). (listing conflicting Fifth Circuit cases). In *Zipes v. Trans World Airlines*, the Supreme Court held that the *timely* filing of an EEOC charge was not a jurisdictional issue. 455 U.S. 385, 393(1982). However, it remains unsettled whether a complete failure to file an EEOC charge deprives the Court of subject matter jurisdiction. The Court need not decide the issue in this case because it does not materially affect the result. For purposes of this opinion, the Court will decide the issue on the merits.

The City points the Court to Jones' charge of discrimination as evidence that he failed to exhaust his administrative remedies with respect to his race discrimination claim. In his charge of discrimination to the EEOC, Jones complains of age discrimination and retaliation, but Jones makes no mention of a complaint that he was discriminated against based on race. On the EEOC form under the section captioned "Discrimination Based on (check appropriate box(es).)," Jones checked only the "Retaliation" box. Under the section of the EEOC charge captioned "Personal Harm," Jones stated that he had been retaliated against for a previous complaint of discrimination, and that he had been discriminated against based on his age. In his response to the City's motion for summary judgment, Jones claims that he "can

demonstrate a triable issue of fact as to whether he exhaust [sic] administrative remedies." However, Jones points the Court to no evidence in support of this assertion. Consequently, the City has conclusively established that Jones failed to exhaust his administrative remedies with respect to his race discrimination claim. The Court concludes that summary judgment is appropriate on Jones' race discrimination claim.

### B. Retaliation

The City also moves for summary judgment on Jones' retaliation claim. The City argues that Jones has adduced no evidence that any of the actions taken against him were in retaliation for his previous complaints of alleged race discrimination.

The ADEA makes it unlawful for an employer to "discriminate against . . . applicants for employment . . . because [any] such individual . . . has made a charge under this chapter." 29 U.S.C. § 623(d). In order to establish a prima facie case of retaliation a plaintiff must show that (1) he engaged in protected activity, (2) a materially adverse action occurred, and (3) a causal link existed between the protected activity and the adverse action. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002); *Peace v. Harvey*, 207 Fed. Appx. 366, 368 (5th Cir. 2006); *Burlington Northern & Sante Fe Ry. Co. v. White*, 126 S.Ct. 2405 (2006)(holding that the materially adverse action need not be related to the plaintiff's employment). After a plaintiff establishes a prima facie case of retaliation, the burden then shifts to the defendant to demonstrate a legitimate nonretaliatory purpose for the action. *Gee*, 289 F.3d at 345. If the defendant articulates a nonretaliatory reason, the plaintiff must then bring forth evidence that the employer's

stated reasons is merely pretext for unlawful retaliation. *Id.*

The Court assumes, without deciding, that Jones can establish a prima facie case with respect to his complaints regarding his "demotion" and his pay increase. The Court finds that Jones is unable to establish a prima facie case with respect to his failure to promote claim.

### 1. Jones Interim Assignment

The City claims that Jones was returned to his regular position at the expiration of the term for his interim assignment. Because the City has stated a nonretaliatory reason for Jones' "demotion," the burden shifts to Jones to raise a genuine issue of material fact on this claim. Jones states that he can demonstrate a "triable issue of fact" as to his claim. Jones points the Court to no evidence in support of his assertion and does not detail the manner in which he believes he can demonstrate a fact issue. Consequently, the Court concludes that summary judgment is appropriate as to this aspect of Jones' retaliation claim.

### 2. Jones' 2005 merit-based pay increase

The City claims that Jones received a one percent merit-based pay increase instead of a two percent merit based pay increase because of Jones' performance. Because the City has stated a nondiscriminatory reason for Jones' pay increase, the burden shifts to Jones to raise a genuine issue of material fact on this claim. In his response brief, Jones states his disagreement with the City's evaluation of his performance. Jones points the Court to no evidence in support of his claim that the decision to award him only a one-percent pay raise motivated by retaliatory animus. Consequently, the court concludes

that summary judgment is appropriate as to this aspect of Jones' retaliation claim.

### 3. Jones' Requested Promotions

The City contends that Jones has no evidence to support a causal link between his protected activity —earlier complaints of race discrimination—and the City's failure to promote Jones. Specifically, the City points out that Jones has adduced no evidence that any of the City's decision makers were aware of Jones' protected activity when they decided not to promote him. Jones apparently does not contest this fact. Instead, Jones makes general complaints about the City's failure to promote him. Among other things, Jones complains that the City's decision makers tend to hire their "baby['s] mama[s]." Even assuming that Jones' complaint of nepotism is true, such a fact would not support an inference that the City retaliated against him for engaging in protected activity. Consequently, the court concludes that summary judgment is appropriate as to this aspect of Jones' claim.

### IV. Conclusion

Jones has failed to raise a genuine issue of material fact on any of his claims. Consequently, the City's motion for summary judgment is **GRANTED**. Jones claims are hereby **DISMISSED** *with prejudice.*

**SO ORDERED.**

Signed March 11th, 2008.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE